UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN AXTMAN,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

        Defendant.

CASE NO. 3:16-cv-05780 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ORDER ON PLAINTIFF'S COMPLAINT - 1

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed. *See* Dkt. 11, 12, 13.

Plaintiff was awarded Supplement Security Income ("SSI") benefits after a finding that he was disabled as of September 28, 2012. AR. 13, 29. That finding was not disturbed by the ALJ in this matter. AR. 13. The only question presented in this matter is whether he also is eligible for Disability Insurance Benefits ("DIB") under Title II, for which he needs to establish that he became disabled while he was insured for those benefits. *Id*. The ALJ found that plaintiff "last met the insured status requirement of the Social Security Act on September 30, 2002." AR. 15.

Plaintiff argues herein that such date is incorrect because the ALJ failed to develop the record on plaintiff's other earnings not present in the Commissioner's earnings records. However, the Commissioner's earnings records are conclusive regarding earned coverage of disability insurance, absent timely filed tax returns, and plaintiff only corrected four years of returns, with only two of them being timely filed, at most. Even adding in the most possible, eight additional quarters for those two years of timely updated tax returns, plaintiff still has not established an earlier date last insured for disability insurance.

Therefore, after considering and reviewing the record, the Court concludes that the ALJ properly derived plaintiff's date last insured and did not err by failing to develop the record. The ALJ therefore also properly found that plaintiff has not established disability prior to his date last insured. Hence, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, CALVIN AXTMAN, was born in 1959 and was 43 years old on the alleged date of disability onset of September 1, 2002. *See* AR. 153-59. Plaintiff graduated from high school and completed a four-year apprenticeship for carpentry. AR. 33-34 He worked as a union carpenter and then opened his own business. AR. 34. The testimony from the hearing suggests that plaintiff worked as a carpenter contractor from 2003 until 2007, when his back started to give him problems with his work. *See* AR. 34.

According to the ALJ, "through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c))" for the plaintiff. AR. 16.

At the time of the hearing, plaintiff was living in a single-wide trailer. AR. 38.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was granted, with a disability onset date of September 28, 2012. AR. 13. Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 55, 60. Plaintiff's requested hearing was held before Administrative Law Judge Gordon W. Griggs ("the ALJ") on September 30, 2014. *See* AR. 24-54. On October 27, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act prior to his date last insured for DIB. *See* AR. 10-23.

In plaintiff's Opening Brief, plaintiff raises the following issue: Whether or not the Commissioner erred in failing to develop the record regarding plaintiff's date last insured. *See* Dkt. 11, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**Did the Commissioner err in failing to develop the record regarding plaintiff's date last insured?**

A determination of a claimant's date last insured is relevant only for DIB, and not for SSI. It requires an evaluation of a claimant's earnings over time. One way for a claimant to demonstrate insured status "for purposes of establishing a period of disability or becoming entitled to disability insurance benefits ['DIB']" is by satisfying Rule I:

> Rule I--You must meet the 20/40 requirement. You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter--(1) You are fully insured; and
> (2) You have at least 20 QCs in the 40-quarter period (see paragraph (f) of this section) ending with that quarter.

20 C.F.R. § 404.130(b).

"QCs" or "quarters of coverage" require a certain amount of wages per year, allowing for up to four QCs to be earned per year. *See*

https://www.ssa.gov/oact/cola/QC.html (last visited April 6, 2017). For example, earnings of $890 or more in the year of 2003 will afford an individual one QC for 2003 -- twice that will earn two QCs. *See id*.

In addition, regarding earnings per year, according to the Social Security Act:

> the absence of an entry in the Commissioner's records as to the self-employment income alleged to have been derived by an individual in such year **shall be conclusive for** the purposes of this title [42 USCS §§ 401 et seq.] that no such alleged self-employment income was derived by such individual in such year **unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year**, in which case the Commissioner of Social Security shall include in the Commissioner's records the self-employment income of such individual for such year.

42 U.S.C. § 405(c)(4)(C) (emphases added). As noted by the Ninth Circuit, "Congress provided in § 405(c)(4)(C) that the Commissioner's records of self-employment income become conclusive after expiration of the time limitation unless the claimant filed an income tax return." *Chapman v. Apfel*, 236 F.3d 480, 485 (9th Cir. 2000).

In *Chapman*, the court was presented with a case in which the ALJ had found that the claimant had worked for years "as an independent contractor, but did not pay Social Security taxes." *Id*. at 481. The ALJ had found that the claimant could not receive any additional credit with wages or quarters of coverage, and that he therefore was not entitled to disability insurance benefits. *Id*. The Ninth Circuit affirmed, relying on the language of the statute and noting that the Commissioner's records as to a claimant's Social Security earnings record are conclusive as to the amounts and timeframe of wages earned, *id*. at 482, unless a tax return of self-employment income is filed before the time

limit expired, *id.* at 483 (citing § 405(c)(4)(C)). The court affirmed the denial of DIB, relying on its conclusion that "a timely filed tax return of self-employment income, not just 1099 forms, is required to overcome the otherwise conclusive presumption that the absence of an entry of self-employment earnings means that there were no such earnings." *Id.* at 486.

Similarly, here, plaintiff acknowledges that his reported earnings from 2003 through 2007 allowed him to gain only three quarters of coverage of the required twenty. Dkt. 11, p. 4 (citing AR. 167); *see also* Dkt. 11, p. 3 (citing http://www.ssa.gov/oact/cola/QC.html). Plaintiff's work history report includes reported income of $290 in 2003; $200 in 2004; $100 in 2005; nothing in 2006; and $400 in 2007. AR. 176; *see also* AR. 172. In a subsequent work history report, plaintiff indicated that he also completed some work after 2007, through at least 2010, noting that the "dates are estimations." AR. 199. These work history reports are distinct from the Commissioner's official earning records.

Plaintiff argues that this evidence of work history reports, combined with his testimony at the hearing, triggered the ALJ's duty to develop the record regarding plaintiff's date last insured. Dkt. 11, p. 4. At his hearing, plaintiff testified that he had been working until he was injured in 2007, and since that time only had been able to work in bits and pieces, not earning enough to pay his bills. *Id.* (citing AR. 37-38).

Although plaintiff contends that the ALJ erred by failing to consider the impact of plaintiff's income after 2003, plaintiff fails to acknowledge that the Commissioner's earnings records regarding a claimant's earnings are conclusive, and here, plaintiff's

official earnings records reveal earnings in 2003 ($3522), 2004 ($507), 2005 ($615), and 2007 ($1200), but do not reveal any earnings in 2006 or any of the years between 2008 and 2013. AR. 172. This gives plaintiff four out of the required twenty quarters to have coverage for disability insurance (three for 2003 and one for 2007, as the remaining years do not demonstrate sufficient earnings to earn a quarter of coverage)[2]. Although plaintiff suggests in his brief that he may have earned more money between 2003 and 2007 than was demonstrated in his earnings record, plaintiff does not argue that he timely submitted any tax returns to correct this error; thus, the Commissioner's earnings record is conclusive for these years – and are still insufficient. *See* 42 U.S.C. § 405(c)(4)(C). The ALJ did not err by relying on the absence of entries in the Commissioner's records as conclusive evidence that there was no self-employment income during these periods of time for which there were no entries of income. *See* 42 U.S.C. § 405(c)(4)(C).

      The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence.

---

[2] For example, as noted previously, earnings of $890 or more in the year of 2003 will afford an individual one QC for 2003, twice that will earn two QCs, up to a maximum of four QCs per year. *See* https://www.ssa.gov/oact/cola/QC.html (last visited April 6, 2017).

*Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Here, the evidence was not ambiguous and the record was adequate to allow for proper evaluation of the evidence by the ALJ. *See Mayes*, 276 F.3d at 459-60. Although it was not entirely clear how much income plaintiff actually earned after 2007, plaintiff's own testimony indicated that he only had been able to work in bits and pieces and had not earned enough to pay his bills. *See* AR. 38. In addition, because the Commissioner's records are conclusive, and they are not ambiguous, but instead demonstrate that plaintiff did not have a sufficient amount of quarters of coverage earned to be eligible for disability insurance beyond 2002, the record was adequate to allow for proper evaluation of plaintiff's date last insured by the ALJ. The Commissioner's records demonstrate that plaintiff did not have twenty quarters of coverage earned after 2002 to have a date last insured beyond that point.

Plaintiff also argues that the Court should rule in his favor based on the information plaintiff submitted while his request for review was pending before the Appeals Council. *See* Dkt. 11, p. 1-2. In 2014, plaintiff filed income tax returns for 2008 through 2011, *see* AR. 252, but it does not appear that plaintiff's tax returns are in the record. However, his statement referencing this evidence is part of the record. Nevertheless, this is new evidence that must be reviewed by the Court when making the determination as to whether or not the ALJ's decision was supported by substantial evidence and was free of harmful legal error.

The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *See Ramirez, supra*, 8 F.3d at 1451-54; *see also Taylor, supra*, 659 F.3d at 1232.

The Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added).

Here, the new evidence consists of three pages discussing plaintiff's tax returns for the years 2008 through 2011. *See* Dkt. 12, p. 5 (citing AR. 4, 250-52). Plaintiff included a personal statement indicating that he filed his tax returns with the IRS on December 18, 2014 for 2008 through 2011. *See* AR. 250. Plaintiff appears to have submitted the tax returns to the Administration's Silverdale, Washington field office, but not to the Appeals Council, which is why they are not in the Administrative Record. However, defendant argues that "even if these tax returns showed additional self-employment income not contained in the Commissioner's records, the new tax returns could not change the ALJ's determination about the date last insured." Dkt. 12, p. 6. This argument is persuasive.

Defendant notes that the individual may correct his earnings record only if "the tax return was filed before the three-year, three month, 15 day time limit ended." *Id*. (citing 20 C.F.R. §§ 404.802, 404.822(b)(2)(i)). Therefore, defendant argues that if plaintiff filed his tax returns on December 18, 2014, as indicated in the record, only the 2011 tax return was filed before the time limit ended. *Id*. (citing AR. 250). Even if plaintiff filed his tax returns in February, 2014, as indicated in his brief, there still would only be the 2010 and 2011 tax returns that could be utilized in order to overcome the conclusive nature of the Commissioner's earnings records. That would provide plaintiff with, at most, eight additional quarters of coverage earned, which, when combined with the four previous quarters earned for the period between 2003 and 2007, still leaves plaintiff well shy of the 20 quarters of coverage required in the 10 year, 40 quarter period between 2002 and the 2012. *See* 20 C.F.R. §§ 404.802, 404.822(b)(2)(i).

Therefore, even giving plaintiff every benefit of the doubt, and considering the relevant new evidence referenced, plaintiff still did not overcome the conclusive nature of the Commissioner's records regarding plaintiff's earnings. The ALJ's finding that plaintiff's date last insured was in 2002 is based on substantial evidence in the record as a whole. Thus, the ALJ's finding that plaintiff is not entitled to disability insurance benefits based on his disability date in 2012 also is based on substantial evidence in the record as a whole.

Even if the Court were to conclude that the ALJ erred by failing to develop the record more thoroughly on this issue of plaintiff's date last insured, any error would be harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56).

The Commissioner's earnings records are conclusive and demonstrate that plaintiff earned at most four quarters of coverage between 2002 and 2007. Plaintiff does not contend that he timely filed any tax returns necessitating any change in the amount of quarters earned between 2002 and 2007. As noted by the Ninth Circuit, "no amount of self-employment income may be included in the Commissioner's records if a return or statement is filed after the time limit." *Chapman*, 236 F.3d at 483 (citing 42 U.S.C. § 405(c)(5)(F)(i)).

Regarding the time period after 2007, plaintiff alleges that in 2014 he filed tax returns for 2008 through 2011, however, at most, only the 2010 and 2011 returns could have been filed within the three-year, three month, and 15 day time period to be considered timely filed. *See* 20 C.F.R. § 404.802. Therefore, at most, plaintiff could have earned eight additional quarters for 2010 and 2011, to add to his five quarters earned between 2002 and 2007. Therefore, even if the ALJ had developed the record further,

plaintiff still could not have demonstrated that he earned 20 quarters between 2002 and 2012. No "reasonable ALJ, when fully crediting [this evidence] could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

The Court concludes that the ALJ did not err, and that even if he did, any error is harmless.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant the case should be closed.

Dated this 12th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge